FRANCIS IRWIN, plaintiff in error, vs. WHITMEL L. STERLING and BETHENA STERLING, executors, *de son tort*, defendants in error.

A suit pending against a defendant cannot, on his death, be continued against an executor, *de son tort*.

Scire facias to make parties, from Troup Superior Court. Decision by Judge BULL, at November Term, 1858.

Francis Irwin, the plaintiff in error, instituted an action of assumpsit against William H. Sterling, on two promissory notes. Sterling appeared and pleaded the general issue, but died before the trial Term.

This was a *scire facias*, sued out by plaintiff against Whitmel L. Sterling and Bethena Sterling, to make them parties defendants in said action, as executors, *de son tort*.

The Court dismissed the *scire facias*, holding that an executor, *de son tort*, could not be made a party by *scire facias*, to a suit pending against deceased at the time of his death.

To this decision counsel for plaintiff excepts.

B. H. HILL, for plaintiff in error.

B. C. FERRELL, *contra*.

Stallings vs. Johnson,

*By the Court.*—McDonald J. delivering the opinion.

It is under the Judiciary Act, that suits are authorized to proceed against the representatives of a deceased party, and the statute has reference to rightful executors or administrators, and does not embrace executors, *de son tort*. By statute, executors or administrators are exempt from suit for twelve months from the *probate of the will* of the testator. In regard to cases pending, " when the defendant shall die, it shall and may be lawful for the plaintiff to issue a *scire facias,*" " immediately after the expiration of twelve months, requiring the executor or administrator to appear and answer to the cause." Twelve months are allowed to a rightful executor to marshal the entire assets of his testator's estate. This is for the benefit of the estate. No such privilege is granted to an executor, *de son tort ;* for his interference with the assets is a wrong for which he is immediately liable in an original suit, to the extent of his intermeddling. It is by the statute alone that a suit pending against a defendant at the time of his death, can be continued against his personal representative, and the Act contemplating its continuance against rightful executors or administrators only, an executor, *de son tort,* cannot be made a party

Judgment affirmed.